Judge Robertson
delivered the foJJondDir response of the court to the petition for a re-heaiing.
This is the only case, between these parties, which was ever submitted to us, as a delay casfe. The other case, alluded to in the petition, was not submitted to us, for any purpose, until it was regularly called, and beard.
The suit, in this case, is brought on the following note:
“Two years after date, we, Or either of us, promise to pay to Elijah W. Craig br order, nine hundred and eighty-two dollars, in gold and silver, for vaiufe received, this 7th day of January, 1826.
“ALEXANDER PARKER.
“This note is signed by me, as security for Alexander Parker Esq., on condition, that it is, not to bfe transferred to the Bank of the United States, or put into any of its branches, for collection.
“JAMES TAYLOR.”
Taylor filed three pleas: all of which aver that he signed the note, at his residence near Newport, and sent it by J. W. Tibbatts, his agent, to Lexington, where Parker and Craig, lived, with instructions to inquire of Richard Higgins, as to the solvency of Parker; and not to deliver the note to Crrig, unless Higgins should be of opinion, that Parker was solvent; and (hat Tibbatts did deliver it without obtaining the advice of Higgins.
The first plea avers, that the note was “handed to Tibbatts,” to be delivered only on the foregoing condition.
The other pleas allege, that the note “was delivered to Tibbatts,” to be delivered or not, to Craig, according to the opinion of Higgins. The third plea is the only one which affirms that Parker was insolvent.
Beed takes rfe"
But unsealed writings, as notes^&o. t-keeffect fr<"a «going fegfemen?'
AH the pleas conclude that, “the writing is not the uct and deed” of Taylor. Demurrers to these pleas were sustained by the court, and judgment e.d on the note against Parker and Taylor.
Although, by an act of the legislature of this state* executory writings without seal, are entitled to the same consideration, and have the same effect, as specialties or deeds, yet, the mode of executing, unsealed writings,- has not been changed. That which was not necessary to their validity, before the act of -1812, is not necessary now. And that which made them obligatory, when they were considered as only parol, will make them so still.
f A deed passes by delivery. A delivery was always necessary to give effect to a deed, and render it obligatory on the party signing it. A delivery may be actual, or only constructive; or it may be by words, or by acts. ^
But writings without seals, did not-, and d'o ndt how, take effect from delivery. They were, and are, obligatory from the signing, and acknowledging of them. The technical doctrine of delivery; applies only to deeds. in them, the date is not essential-, As delivery was not material • to the effectiveness °f unsealed writings, before their dignity was made equal to that of deeds, it cannot be indispensiblc now-. This is not only the inference of reason, but the established law; by express authority. Sec the bank of Limestone vs. Penick, V. Mon. 25.
The authorities in relation to the delivery of deeds, ¿is, therefore, not directly applicable in this case. /'These authorities are, apparently, contradictory. Many of them seem to be arbitrary. Many distinctions, attempted to be maintained by them, are subtle and artificial. They are distinctions in form, without a difference in substance or principle, as will have been seetrby’the cases cited in the petition; and may be more satisfactorily ascertained, by a more accurate and extensive analysis-of all the cases which have been reported. • *
Perhaps, the most clear and sensible rule is laid ‘down in Shephard’s Touchstone, 58-9.
Deed delivered , as a deed to stranger, to bo delivered to the party on condition, is binding, tho’ condition be not 'performed. '•Otherwise, if delivered, as ■im escrow.
“The delivery of a deed,as an escrow, is said lobe where one doth make and seal a deed, and deliver it unto a stranger, until cerlain conditions be performed; and then to bo delivered to him, to whom the deed is made, to take effect as his deed. But, in this case, two cautions must be-heeded.
“1st. That the form of the words, used in the delivery of a deed, in this manner, be apt and proper.
“2d. That the deed be delivered to one who is a stranger to-it, and not to the party himsqlf, to whom it is made.
“The word*, therefore, that are used in the delivery, must be after this manner: I deliver this ló you, as an escrow, to deliver to the party, as my deed, vpon condition that he do deliver to you, $20, for me., &c. &c. For if, when [ shall deliver the deed to the stranger, I shall use these, or the like words: I deliver'this to you, as my deed, and that you shall deliver it to the. party, upon certain conditions, &c., the deed doth take effect presently, and the party is not bound to perform-any of the conditions.”
in the one case, the instrument cannot take effect, as a deed, until the condition shall be performed, on which it is delivered, as an escrow. In the other, it i* a deed tromitstlrst delivery to thestranger,.and cannot he invalidated hy the non-performancc of any condition, subsequent; because, having been delivered as a deed, to be delivered to (lie party, on a subsequent 'condition, it is a deed, and cannot be affected by •matter which may occur afterwards.
If a party deliver his deed as a deed, to a stranger, to be delivered to the party, on condition, it is binding, though the condition be not performed. II. Ral. 24; I. 42; Starkie, 476, Otherwise, if he deliver it as an escrow, Co. Lilt. 36, a.; II. Johnson’s Rep. 243.
Now, according to these authorities, it is at least, doubtful, whether the 2d. and 3d. pleas be good, even if the note in this case, were a deed, and required a delivery. For these two pleas, allege simply that the note was '•'•delivered?'’ to Ti'bbatts, “to he delivered” to Craig, on a certain contingency. How was it delivered, asan escrow, or as his deed, to be delivered *459 .is such, to Craig, if Higgins should approve? It is not pleaded expressly, as an escrow; and we are inclined to the opinion, that the proper construction the two last pleas, would he, that the note was delivered as the note of Taylor; hut not to he surrendered to Craig, unless Higgins should advise it ns prudent. •■Delivered,'’ without any qualifying or explanatory adjunct, has a peculiar technical import, it means that the writing is delivered as the act of the party delivering. Other parts of the plems might, however, shew that Taylor intended to plead the writing, as an escrow; but we are not of the opinion that they do.
p¡oaj whioh amounts to ence’, must state such facts and in a”°t0 doubt, if facts be true, that got of party?*
And if it be uncertain, from the language and ten' or of the pleas, whether the writing was an escrow, or a deed, to be delivered on condition, the demurrer ought to have been sustained; because, a special non est factum,, must slate such facts, and in such a manner, as to leave? no doubt that, if the facts be true, the writing is not the act of the party. “A plea, which amounts to a non e.st factum by inference, ought to be held to considerable strictness; and the facts set out to be alleged so certainly and positively, that no other conclusion could be drawn from them.” M‘Coy et al. vs. Hill, II. Lilt’s. Rep. 375.
Tested by this rule, these two picas could not well be sustained.
The first plea does not use the same language, and, therefore, might probably be fairly construed to mean that the writing was handed to Tibbatts as an escrow. But there is another objection to this plea, as well as to the second. Neither of them avers that Parker was oris insolvent. If he had been insolvent, nevertheless, according to the pleas, the note would have been obligatory, if Higgins had expressed the opinion that ho was solvent, and that there would be no danger in- being his security. If he were solvent, therefore, the note is binding, although Higgins was not consulted. The pleas show that Taylor-was willing to be security, not only if Parker were solvent, but even if Higgins should be of opinion that he W4S. If he were willing to hazard Higgins’s opinion of the fact, surely he intended to be bound, if the fact itself of solvency existed. A plea, therefore, *460 denying that the opinion was given, is not good, if it admit or do not deny, that the fact existed, about the opinion was desired.
/doc-hi)”8 <0S ’ ;>ry V|N iaHy ' sof
The iast plea is the only one which avers that Parker was insolvent, and that is liable to the first objection which has been suggested to the second and third pleas. Wherefore, if the doctrine of delivery applied to this case, we should be strongly inclined to affirm the opinion sustaining the demurrer to all the pleas. It is even dqubtful, whether a deed can be delivered as an escrow, on a condition, to lie performed by any other than the party who is to receive the deed. Touchstone supra, and Austin vs. Hall, XIII. Johnson, 286,
But as the authorities as to the delivery of deeds are inapplicable to the note in this case, our decision cannot be influenced by the arguments or cases stated in the petition. We must consider the case on other grounds, without regard to the question of delivery.
And if the pleas would not be sustained by consid-t ering the note as a deed taking effect only from deliv-cry, they certainly would not furnish a bar to the action, on a paper which may be binding without delivery. ;
Promissory notes are, “quasi,” mercantile. They are transferable by endorsement, but are not in this country as ^ey have been in England, since the. statute of- Anne, negotiable precisely as bills of cx-change. But for many purposes, the doctrine of bills of exchange applies to promissory notes, because the reason of it, applies equally to both kinds of paper. We suppose the law in relation to the execution of both, is the same. And justice and the exigencies of commerce require that the drawer of a bill or obligor in a note, should be bound, sometimes, when, if the instrument had been a deed, he would not be liable.
Frequently the maxim “he who ,trusts most, shall lose,” applies to the parties to bills and notes; and it is often better that a negligent drawer should be held responsible, than that an innocent holder or obligee should suffer.
j/rP®"°“s*isn biifinWonfr, he is bound for whatever tho» he signed his name on [N^Tsum should be less ^
Hence, if A sign or endorsen bill in blank, he is bound for whatever sum may be inserted, although be shall have signed his name on the parol condition that the sum should be less than that inserted. The reason is, that having affixed his signature to a blank bill, without any written condition or reservation, he has given an implied authority to fill up the blank with any sum, and if he were allowed to escape by pleading that his secret instructions were violated or his parol authority transcended, such frauds might be practised as to destroy the peculiar value and defeat the purposes of such paper.
The same doctrine, (whether right or wrong) has been applied to promissory notes.
It would, therefore, be at least questionable, whether Taylor, after signing the note and delivering it to his agent, can evade the payment of it, by showing that the agent exceeded his secret and confidential instructions, when he delivered it to Craig. If he could, his agent would be responsible- to Craig. But it seems to us, that Craig is not bound to look to Tibbatts. He had a right to suppose that, the signature being genuine, whenever the note was delivered to him, without any condition, it would be obligatory on Taylor.
Besides, the endorsement on the note, that it was signed on the condition that it was not to be transferred to the United States’ Bank, was eminently calculated to lull and deceive Craig.
It is true that this condition may be considered a part of the note, and which, therefore, was not to be shown until the note was delivered according to the parol instructions; still, when it was showrn to Craig, he had a right to take it for granted, that it contained the only condition reserved hy Taylor, and that, if he,-(Craig; should take the note on that condition, Taylor would be bound as security.
If Taylor intended to be bound only on the condition set forth in his pleas, it would have been prudent to have said so in his endorsement, or’in a letter to Craig. Moreover, it can scarcely- be doubted, that *462 when Tibbatts returned, Taylor ascertained what he had done. If he did, he ought not to have acquios- and thereby affirmed the act, but should have notified Craig, so that he might have been able to secure himself in some other way, if he should choose to do so. The pleas do not intimate that Tibbatts practised any fraud on Taylor, or concealed from him what he had done. They do not show that he has not affirmed or approved Tibbatts’s act. This presumption, from the lapse of time and other circumstances, is, that he had acquiesced in what was done, after obtaining a full knowledge of it, and is, therefore, bound. See Cairnes and Lord vs. Blucker, XII. Johnson, 305-6.
These circumstances are not conclusive. If the note was not binding when it was delivered to Craig, they, alone, migh tnot make it so, “expost fado.''’ Bet when combined with the other facis and with the general doctrine and policy of the law, they are entitled to influence.
If Tibbatts exceeded his authority, it is better that Taylor should seek indemnity from him, than that Craig should lose his debt, or look to Tibbatts for it. If Taylor has been wronged, his own inadvertance, negligence or misplaced confidence has occasioned the injury. Craig has done nothing that he ought not to have done. Ho omitted nothing that he ought, to have done. It was not his duty’ to refuse the note until Tibbatts should exhibit to him a power of attorney to deliver it; no such power was necessary. A delivery in form was not necessary. Tibbatts was not the agent of Craig. Taylor signed the note on a specified, written condition. His agent delivered the note, with this condition endorsed on it, to Craig. Taylor then placed the note in the hands of Craig, through the agency of another, to whom he delivered it; and did not, by the agent or otherwise, notify him of any other condition. Under such circumstances, non est factum cannot be sustained. *
Whether, therefore, the note be considered as a deed or not, the judgment should be affirmed. If it should be affirmed, even on the doctrine of delivery *463 a fortiori, it should be affirmed when that doctrine is shown to bo inapplicable.
Hoggin, IVickliffe, Depew and Loughborough, for appellant; Mills, Brovin and Chinn, for appellee.
The petition, therefore, is overruled.